IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRUCE ARMSTRONG,**<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>**JOHN SOTO,**<br><br>　　　　　　　　　　Respondent. | Case No. 1:15-cv-01109 AWI MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 3]** |

　　　　Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and is represented by the office of David Regan. Petitioner has declined Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF No. 4.)

　　　　Petitioner was convicted of corporeal injury on a spouse, attempted child endangerment, battery, attempted criminal threats, and various enhancements. Petitioner was sentenced to an aggregate term of twenty-nine (29) years and four months in jail. He appealed his conviction to the California Court of Appeal, Fifth Appellate District and to the California Supreme Court. The state courts reduced his

1 sentence by two years, but otherwise affirmed the judgment to the above referenced
2 counts. (Pet. at 2-3.)
3       On July 6, 2015, Petitioner filed this petition. Three days later, Petitioner filed the
4 instant motion to stay the proceedings while he sought exhaust his claims for ineffective
5 assistance of counsel and juror misconduct. (Mot. to Stay, ECF No. 3.) Petitioner
6 requests the Court stay his petition while he proceeds to attempt to exhaust his claims in
7 state court. For the reasons explained below, Petitioner's motion to stay must be
8 granted.

9 **I.**    **LEGAL STANDARD**

10       The exhaustion of available state remedies is a prerequisite to a federal court's
11 consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy,
12 455 U.S. 509, 102 S.Ct. 1198, 71 L. Ed. 2d 379 (1982); 28 U.S.C. § 2254(b). A petitioner
13 satisfies the exhaustion requirement by providing the highest state court with a full and
14 fair opportunity to consider all claims before presenting them to the federal court. Picard
15 v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Middleton v.
16 Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). The Ninth Circuit has found that "'a motion to
17 stay and abey section 2254 proceedings' to exhaust claims 'is generally (but not always)
18 dispositive of the unexhausted claims,'" and that Magistrate judge must present findings
19 and recommendations to a District Court Judge, rather than rule on the motion. Bastidas
20 v. Chappell, 791 F.3d 1155, 1163 (9th Cir. 2015); Mitchell v. Valenzuela, 791 F.3d 1166,
21 1173-74 (9th Cir. 2015).

22 **II.**    **ANALYSIS**

23       Petitioner has requested to stay this case and hold it in abeyance to allow him to
24 attempt to exhaust three additional claims – two claims of ineffective assistance of
25 counsel and a claim of juror misconduct - in state court. (See ECF No. 3.) Petitioner
26 notes that four months after his claims presented on direct review were denied, he
27 contacted his current counsel, and from September 2014, to March 2015, counsel
28

reviewed the case to develop potential claims. (Mot. at 6-7.) In March 2015, counsel engaged the assistance of a private investigator and medical expert, and in late May 2015, Petitioner obtained the medical expert's signed declaration regarding the new issues presented in the petition. (Id.) Finally, on July 2, 2015, Petitioner filed a petition for writ of habeas corpus with the Madera County Superior Court containing the three unexhausted claims.

### A. Stay and Abeyance

A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), or Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and requirements for imposing a stay. Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition. Id. Under Rhines, a petitioner must meet three pre-conditions for a stay of a mixed petition: (1) a finding of good cause for petitioner's failure to exhaust all his claims before filing his habeas action; (2) a finding that the unexhausted claims are potentially meritorious; and (3) no indication that the petitioner engaged in intentionally dilatory tactics. Rhines, 544 U.S. at 278. If all three preconditions exist, the court should stay the habeas case and hold it in abeyance, leaving the mixed petition intact while the petitioner returns to state court to present his unexhausted claims.

Rhines does not go into detail as to what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe,

425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L. Ed. 2d 669 (2005), where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. 544 U.S. at 416-17.

However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024.

Petitioner provides adequate justification for not presenting the claims to the California Supreme Court. While Petitioner delayed four months after the denial of his direct appeals to hire counsel, counsel then performed independent research to adequately present the additional claims by way of collateral review in the state courts. As Petitioner sought counsel and counsel performed independent research to develop and present the unexhausted claims in state court, the Court finds that there is good cause for Petitioner's failure to previously exhaust the claims in state court.

The claims are also potentially meritorious. Based on cursory review of the claims, they are based on well-established legal theories, ineffective assistance of counsel, and juror misconduct, which, if proven, would entitled Petitioner to relief from his conviction. Further, the factual basis of the claims appear to present significant challenges to the conduct of counsel and the jury. For example, in his first unexhausted claim, Petitioner asserts that counsel failed to present a medical expert to impeach the

evidence presented by the witnesses regarding the injuries suffered by the victim. The second claim relates to trial counsel's failure to move to dismiss a juror who stated she knew members of the victim's family. Finally, with regard to the claim of juror misconduct, Petitioner asserts that he was prejudiced by the failure of a juror to disclose at trial that she was "friends" on the Facebook social media website with a deputy district attorney who prosecuted Petitioner with regard to a former conviction. Without determining the merits of the claims at this time, it is clear that factual arguments presented are neither fantastic or clearly without merit.

Finally, there is no evidence of dilatory conduct on the part of Petitioner. Relatively quickly after his direct appeal was denied, he hired counsel to represent him on collateral appeal. Counsel investigated the matter, and filed a state petition along with this protective federal habeas petition and motion to stay. There is no evidence that Petitioner engaged in dilatory litigation tactics in presenting this motion to stay.

### B. Stay Procedure

The Court finds that Petitioner's unexhausted claims – ineffective assistance of counsel and juror misconduct - present, at this stage, facially meritorious claims. Under the Rhines procedure, the Court recommends that the mixed petition be stayed in its entirety during the period that Petitioner diligently exhausts his state court remedies.

### III. RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the motion to stay the petition for writ of habeas corpus be GRANTED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is

1  advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir.
3  2014).

IT IS SO ORDERED.

Dated:   September 21, 2015           /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE