UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE ARMSTRONG,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>DEBBIE ASUNCION,<br><br>　　　　　　Respondent. | No. 1:15-cv-01109-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, DENYING AMENDED HABEAS PETITION, AND CLOSING THIS CASE<br><br>(Doc. Nos. 17, 46) |

　　　　Petitioner Bruce Armstrong is a state prisoner proceeding with counsel with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 17.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　In his amended petition, petitioner asserts the following seven claims for federal habeas relief: (1) juror bias; (2) ineffective assistance of counsel due to his trial counsel's failure to move to dismiss an allegedly biased juror or move for a mistrial based thereon; (3) ineffective assistance of counsel due to his trial counsel's failure to present expert medical testimony; (4) improper exclusion of credibility testimony by the trial court; (5) prosecutorial misconduct based upon the prosecutor's alleged  introduction of prejudicial testimony; (6) a pervasive pattern of prosecutorial misconduct; and (7) cumulative prejudicial error. (*Id.* at 31–33.)

On May 23, 2017, petitioner filed a motion for an evidentiary hearing with respect to his juror bias claim and the related ineffective assistance of counsel claim. (Doc. No. 30.)

On April 8, 2020, the assigned magistrate judge issued both an order denying petitioner's motion for an evidentiary hearing and the pending findings and recommendations, recommending that petitioner's juror bias claim be dismissed because this federal court is procedurally barred from considering that claim and that habeas relief be denied as to petitioner's remaining claims on the merits. (Doc. No. 46.) The magistrate judge also recommended that a certificate of appealability not issue. (*Id.* at 32.)

On April 20, 2020, petitioner timely filed objections to the pending findings and recommendations. (Doc. No. 47.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including the amended petition, respondent's answer, petitioner's traverse, and his objections to the pending findings and recommendations, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis. Thus, for the reasons set forth below, the court will adopt the findings and recommendations, except for the recommendation that a certificate of appealability not issue.

**A.    Petitioner's Objections Regarding His Juror Bias Claim**

Petitioner first objects, arguing that the magistrate judge incorrectly found that this federal habeas court is procedurally barred from considering his juror bias claim. (Doc. No. 47 at 9–11.)

"A claim is procedurally defaulted for federal habeas corpus purposes if the state court relies on a procedural default to deny relief." *Benson v. Copeland*, 67 F.3d 305 (9th Cir. 1995). In this regard, the Supreme Court has held that

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez v. Ryan*, 566

2

U.S. 1 (2012).

In the pending findings and recommendations, the magistrate judge found that this federal habeas court is procedurally barred from ruling on petitioner's juror bias claim because he presented that claim in his state habeas petitions and the Madera County Superior Court dismissed the claim pursuant to independent and adequate state procedural rules, namely that the claim for relief was (1) untimely and (2) barred due to petitioner's failure to raise it on direct appeal, commonly referred to as "the *Dixon* bar." (Doc. No. 46 at 8–10). Because the California Court of Appeal and the California Supreme Court each subsequently issued one-sentence, summary denials in rejecting petitioner's juror bias claim without explaining their reasoning, the magistrate judge properly "looked through" those rulings and presumed that both courts adopted the superior court's analysis that petitioner had procedurally defaulted with respect to that claim. (*Id.*); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground," commonly referred to as the "look through" presumption).

In his objections, petitioner argues that notwithstanding the superior court's ruling that he procedurally defaulted his juror bias claim, this federal court is not procedurally barred from considering the merits of that claim because "the record shows the Court of Appeal ruled on the merits," thereby by rebutting the "look through" presumption. (Doc. No. 47 at 9–11); *see also Ylst*, 501 U.S. at 804 ("[W]e do not suggest that the presumption is irrebuttable; strong evidence can refute it.); *id.* at 801 ("State procedural bars are not immortal, however; they may expire because of later actions by state courts. If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available."). Petitioner argues that the "look through" presumption has been rebutted here because the California Court of Appeal requested informal briefing from the California Attorney General on the merits of petitioner's habeas application, asking "1. Did juror [redacted] O. commit juror misconduct? 2. If so, is petitioner entitled to relief?" (Doc. No. 47 at 10; *see also* Doc. No. 17-1, Ex. R.) Petitioner contends that the state appellate court's briefing request

3

1  "contains no suggestion that the [juror bias] claim was time barred; rather the Court of Appeal
2  was clearly asking for briefing on the merits. If the appellate court questioned whether the claim
3  was time barred, it would have requested briefing on whether the claim was procedurally
4  defaulted." (Doc. No. 47 at 10.) The court is not persuaded by petitioner's argument. The
5  California Court of Appeal's order requesting briefing also noted that the Attorney General's
6  "response should address, *but not be limited to*, th[ose] . . . questions . . .." (Doc. No. 17-1, Ex.
7  R) (emphasis added). Thus, while the court posed specific questions about juror bias, it did not
8  limit its request for briefing to that claim. It is therefore far from clear that merely because the
9  state appellate court requested informal briefing addressing petitioner's juror bias claim it
10  necessarily reached the merits of that claim, particularly given that it summarily denied the
11  petition for relief. *See Coleman*, 501 U.S. at 737 ("In those cases in which it does not fairly
12  appear that the state court rested its decision primarily on federal grounds, it is simply not true
13  that the 'most reasonable explanation' is that the state judgment rested on federal grounds.").

14  Petitioner next contends that the California Supreme Court's subsequent decision denying
15  his petition for review "is further evidence" that the California Court of Appeal reached the merits
16  of his juror bias claim. (Doc. No. 47 at 10.) In its order denying review, the California Supreme
17  Court stated in full that "[t]he petition for review is denied on the merits with regard to
18  petitioner's claims of ineffective assistance of trial counsel. []See *Harrington v. Richter* (2011)
19  562 U.S. 86, citing *Ylst v. Nunnemaker* (1991) 501 U.S. 797, 803." (Doc. No. 17-1, at Ex. U.)
20  Petitioner highlights that "[w]hile the ineffective assistance of counsel claim was denied [by the
21  California Supreme Court] with reference to a denial on the merits, no notation was made for the
22  juror bias claim." (Doc. No. 47 at 10.) In petitioner's view, the "most likely reason" for the
23  California Supreme Court's decision to not specifically address the juror bias claim "is that the
24  Supreme Court was aware informal briefing had been requested [by the California Court of
25  Appeal] on the merits, and thus there was no need to specifically note that [the juror bias claim]
26  has been denied on the merits; it was clear from the record." (*Id.*) This court is not persuaded by
27  this argument either, and finds that it "is simply a most improbable assessment of what actually
28  occurred." *Ylst*, 501 U.S. at 803–04 ("The maxim is that silence implies consent, not the

opposite—and courts generally behave accordingly, affirming without further discussion when they agree, not when they disagree, with the reasons given below."). In the undersigned's view, the California Supreme Court's decision to not specifically address petitioner's juror bias claim coupled with its citation to the Supreme Court's decisions in *Harrington* and *Ylst* demonstrates that it was choosing to not reach the merits of that claim. *See Curiel v. Miller*, 830 F.3d 864, 870–71 (9th Cir. 2016) ("The California Supreme Court's citations to [cases] . . . offer[s] equally adequate insight into the court's reasoning . . .."); *see also Harrington v. Richter*, 562 U.S. 86, 99–100 (2011) ("The ['look through'] presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely. Richter, however, does not make that showing. He mentions the theoretical possibility that the members of the California Supreme Court may not have agreed on the reasons for denying his petition. It is pure speculation, however, to suppose that happened in this case.") (internal citation omitted); *Ylst*, 501 U.S. at 803 ("[W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."). Further, petitioner presented the same juror bias claim to the California Supreme Court that he presented to the Madera County Superior Court and the California Court of Appeal. The California Supreme Court was aware that the superior court found that petitioner had procedurally defaulted that claim and that the California Court of Appeal had issued a summary denial. *See Curiel*, 830 F.3d at 870–71. Accordingly, the California Supreme Court's citation to *Harrington* and *Ylst* is "a clear signal" that it found petitioner's juror bias claim to be procedurally defaulted. *Id.*

Petitioner also argues that his juror bias claim was found to be timely presented by the California Supreme Court because "the ineffective assistance of counsel claim found timely was filed in state court at the same time as the juror bias claim . . . and with a substantially similar rationale for the delay." (Doc. No. 47 at 10–11.) This argument is unavailing. As an initial matter, it is not clear from the California Supreme Court's order that it found petitioner's ineffective assistance of counsel claims to be timely. In the undersigned's view, it is more likely that the court reached the merits of those claims because of the unique nature of petitioner's

5

ineffective assistance of counsel claims. *See In re Robbins*, 18 Cal. 4th 770, 814 (1998) ("We do not apply [the *Dixon* bar] to claims of ineffective assistance of trial counsel, even if the habeas corpus claim is based solely upon the appellate record."); *People v. Mendoza Tello*, 15 Cal. 4th 264, 267 (1997) ("Because claims of ineffective assistance are often more appropriately litigated in a habeas corpus proceeding, the rules generally prohibiting raising an issue on habeas corpus that was, or could have been, raised on appeal . . . would not bar an ineffective assistance claim on habeas corpus."). Moreover, "[t]he Supreme Court has admonished [the Ninth Circuit] in the past not to assume that a California court found a state habeas petition to be timely from the court's silence on the question." *Curiel*, 830 F.3d at 871. The California Supreme Court said nothing with respect to petitioner's juror bias claim, and this court declines to read into that silence a finding that his juror bias claim was timely filed.

For the reasons set forth above, petitioner is procedurally barred from asserting his juror bias claim in this federal habeas action "unless [he] can establish 'cause and prejudice' for the default." *Ylst*, 501 U.S. at 805–06.[1]

1.  <u>Cause and Prejudice</u>

Although petitioner raised cause and prejudice arguments in his traverse (*see* Doc. No. 29 at 10–16), those arguments were not addressed in the pending findings and recommendations, nor raised in his objections thereto. Nevertheless, the undersigned will address those arguments here.

"A finding of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Hankins v. Small*, 242 F.3d 381 (9th Cir. 2000) (quotation marks omitted). A finding of prejudice requires a showing of "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

Here, petitioner contends that cause exists for his procedural defaults with respect to his juror bias claim because his "appointed appellate attorney did not investigate juror bias" and that

---

[1] Although a petitioner can also overcome the procedural bar by demonstrating that failure to consider the barred claim will result in a fundamental miscarriage of justice, *see Coleman*, 501 U.S. at 750, petitioner Armstrong does not make that argument here.

6

1   "the failure to do so was ineffective within the meaning of relief from default." (Doc. No. 29 at
2   11.) Petitioner contends that after the direct appeals of his conviction were completed, he
3   "diligently pursued his claim by obtaining habeas counsel, who brought the state habeas claim
4   within a year of the denial of his petition for review." (*Id.*)[2] Petitioner also argues that he has
5   demonstrated actual prejudice because his juror bias claim "is not only meritorious, [] it also
6   resulted in actual and substantial disadvantage: the result was a trial by jury where one of the
7   jurors knew the deputy district attorney who had previously prosecuted petitioner, knew the
8   complaining witness' family, and steadfastly sought to convict [petitioner] with no room for
9   discussion." (*Id.*)

10  The Supreme Court has "considered the circumstances under which attorney error
11  constitutes cause" and has held that "[s]o long as a defendant is represented by counsel whose
12  performance is not constitutionally ineffective under the standard established in *Strickland v.*
13  *Washington*, [466 U.S. 668, 104 (1984)], we discern no inequity in requiring him to bear the risk
14  of attorney error that results in a procedural default." *Coleman*, 501 U.S. at 752. "In the absence
15  of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors
16  made in the course of the representation." *Id.* at 754. "Applying th[is] [] rule as stated, this case
17  is at an end. There is no constitutional right to an attorney in state post-conviction proceedings."
18  *Id.* at 752; *see also id.* at 752–53 ("Coleman contends that it was his attorney's error that led to
19  the late filing of his state habeas appeal. This error cannot be constitutionally ineffective;
20  therefore Coleman must 'bear the risk of attorney error that results in a procedural default.'")
21  (citation omitted).

22  Here, petitioner provides no persuasive analysis or argument suggesting that his appellate
23  counsel provided him with constitutionally ineffective assistance. *See In re Robbins*, 18 Cal. 4th
24  at 810–11 ("One who asserts ineffective representation by counsel must establish both the

---

26  [2] Petitioner did not appeal the superior court's ruling that his juror bias claim was untimely and *Dixon*-barred, even though it appears that the reasons he is presenting to this court for his
27  procedural defaults were available to him at the time the superior court issued its ruling. Petitioner's failure to appeal from the superior court's ruling on those grounds undercuts his
28  argument before this court that he has diligently pursued his claims.

objectively inadequate performance of that counsel, and prejudice."). Moreover, as noted in the pending findings and recommendations, petitioner was aware that a juror at his trial had a connection to the complaining witness in his case; in fact, after the trial judge was informed of this connection, he called that juror, petitioner and petitioner's counsel, and the prosecutor into his chambers to determine whether the juror in question was biased or prejudiced by her connection to the complaining witness and determined that she was not prejudiced. (Doc. No. 46 at 12.) While petitioner's position before this court is that the juror was biased against him and that since his trial, he has discovered additional evidence in support of his position that this was the case, the point is that petitioner was aware of that argument at the time he appealed from his judgment of conviction, but failed to raise the issue on direct appeal or timely file his habeas petition.

Thus, petitioner has failed to establish cause and prejudice for his procedural defaults with respect to his juror bias claim. The court will therefore adopt the magistrate judge's recommendation that petitioner is procedurally barred from asserting his juror bias claim in this federal habeas action.

**B.     Petitioner's Objections as to Claims that the State Courts Rejected on the Merits**

As discussed, the California Supreme Court reached the merits of petitioner's ineffective assistance of counsel claims. Moreover, petitioner's remaining claims—that the prosecutor at his trial introduced prejudicial testimony and engaged in a pattern of prosecutorial misconduct, that the trial court improperly excluded credibility testimony, and that the claims he is asserting in the pending petition amount to cumulative constitutional error—were decided on the merits by the California Court of Appeal on direct review of his conviction. *See People v. Armstrong*, No. F064006, 2014 WL 125939 (Cal. Ct. App. Jan. 13, 2014). Accordingly, the pending findings and recommendations correctly applied § 2254's deferential standard of review to petitioner's remaining federal habeas claims. *See* 28 U.S.C. § 2254. In so doing, the magistrate judge found that the California Court of Appeal's and California Supreme Court's denial of relief with respect to the remaining claims was not unreasonable or contrary to clearly established federal law. (Doc. No. 46 at 31.)

In his objections, petitioner does not meaningfully dispute the magistrate judge's findings and recommendations with respect to his remaining claims. Rather, he reasserts arguments that he already presented to the court in his amended petition and traverse[3], which the magistrate judge considered and rejected in the pending findings and recommendations. The undersigned has nevertheless considered those arguments anew and finds that the analysis in the pending findings and recommendations with respect to those claims to be proper and supported by the record. Accordingly, the court will adopt the findings and recommendations in full.

**C.      The Court Will Issue a Certificate of Appealability**

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). If, as here, a court denies a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

Here, somewhat out of an abundance of caution, the court finds that reasonable jurists could debate whether the California Court of Appeal or the California Supreme Court reached the

/////

---

[3] In fact, portions of petitioner's objections to the pending findings and recommendations appear to have been copied and pasted, with minimal edits, from either the amended petition or the traverse. (*Compare, e.g.*, Doc. No. 47 at 20–21, *with* Doc. No. 29 at 22–23.)

merits of petitioner's juror bias claim.  Accordingly, the court will issue a certificate of appealability.

**D.     The Court Will Deny Petitioner's Renewed Request for an Evidentiary Hearing**

In denying petitioner's motion for an evidentiary hearing with respect to his juror bias claim and related ineffective assistance of counsel claim, the magistrate judge concluded that because "petitioner neither relies on a new retroactive constitutional law nor on a fact that he could not have discovered previously," he could not meet "the stringent standard for evidentiary hearings" under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (*Id.* at 31.)  In his objections to the pending findings and recommendations, petitioner argues that "an evidentiary hearing should be granted."  (Doc. No. 47 at 38.)

This court has already determined that it is procedurally barred from considering the merits of petitioner's juror bias claim.  Therefore, there is no reason to hold an evidentiary hearing in order to explore the merits of that claim, if any.  To the extent that petitioner seeks an evidentiary hearing with respect to his related ineffective assistance of counsel claim, the court is denying relief as to that claim on its merits, and thus an evidentiary hearing is also not warranted with respect to that claim.

**CONCLUSION**

For the reasons set forth above,

1. The findings and recommendations issued on April 8, 2020 (Doc. No. 46) are adopted in part;
2. The amended petition for writ of habeas corpus (Doc. No. 17) is denied with prejudice;
3. The court will issue a certificate of appealability;
4. The court denies petitioner's renewed request for an evidentiary hearing; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **October 29, 2020**

UNITED STATES DISTRICT JUDGE

10